## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| **STELLA MAY CONTRACTING, INC**,<br>1512 Edgewood Road<br>Edgewood, MD 21240<br><br>      Plaintiff,<br><br>v.<br><br>**EN-JOULÉ ENTERPRISES**<br>2532 Raven Road<br>Wilmington, DE 19810<br><br>and<br><br>**M. GAIL LOTT AMOATEY**<br>2532 Raven Road<br>Wilmington, DE 19810,<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Stella May Contracting, Inc. ("Stella May"), by and through undersigned counsel, brings this Complaint against Defendants En-Joulé Enterprises and M. Gail Lott Amoatey ("Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff Stella May Contracting, Inc. is a Maryland corporation with its principal place of business in Edgewood, Maryland.

2. Stella May is a certified minority-owned business (MBE) with a strong emphasis on safety and quality in its construction projects.

3.      Stella May's President and Chief Executive Officer, Harley Flack, is part owner of the company.

4.      Defendant En Joulé Enterprises ("En Joulé") is an entity operating in Delaware and Maryland that holds itself out as a "legal advocacy and consultation company," though it is not a law firm and is not authorized to practice law in Maryland.

5.      Defendant M. Gail Lott Amoatey ("Amoatey") is an individual residing in Delaware and is the owner, operator, and self-described "senior consultant" of En Joulé. She is not licensed to practice law in Maryland or any other jurisdiction known to Plaintiff.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

7.      Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3), this Court has personal jurisdiction over the Defendants based on their conduct in the State of Maryland that has caused and will continue to cause tortious injury to Stella May and based on Defendants' persistent course of conduct in the State of Maryland.

8.      This Court also has jurisdiction under 28 U.S.C. § 1331 and § 2201 because Plaintiff seeks declaratory relief concerning Defendants' unlawful conduct, including unauthorized practice of law.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Maryland, and the harm to Plaintiff's business reputation and client relationships occurred in this District.

## FACTUAL ALLEGATIONS

### Defendants Initiate a Campaign of False Accusations and Threats

10.     Beginning in or around August 2025, Defendant Amoatey, acting through En Joulé, initiated a coordinated campaign of communications accusing Stella May of systemic discrimination, racism, retaliation, ADA violations, and unlawful employment practices.

11.     In a letter dated August 5, 2025, Amoatey identified herself as the "owner, operator, and senior consultant" of En Joulé and represented that the organization functioned as a "legal advocacy and consultation company" assisting clients in civil matters.

12.     Amoatey asserted that En Joulé "acts as a spokesperson" for clients, "allies" with them, and helps them "take action," while warning that public pressure, including involvement of national civil rights figures, could be used if Stella May did not resolve the matter privately.

13.     These statements were false, misleading, and intended to coerce Stella May into paying money to avoid reputational harm.

### Defendants Use "Affidavits of Truth" to Bolster False Claims

14.     Over the following months, Defendants circulated multiple "Affidavits of Truth" from individuals including Eric Collins, Lamont Sanders, Clarence Elliott, Jamie Parks, and Allen Hewitt.

15.     These affidavits, dated between 2024 and 2025, contained unverified allegations of discrimination, racial harassment, demotion, and retaliatory termination.

16.     Defendants presented these affidavits as sworn, legally operative evidence, despite knowing that no adjudicative body had substantiated the allegations and that multiple related EEOC complaints had been dismissed.

17.     Defendants incorporated these affidavits into a demand package directed at Stella May's executive leadership and legal counsel, asserting that Stella May must pay substantial sums to avoid public exposure.

18.     Defendants then attempted to "serve" these affidavits directly on Stella May's CEO during a private, employee-only meeting in Baltimore, Maryland.

19.     Defendants' agent gained access to the meeting under false pretenses by dressing to resemble Stella May personnel, moved through a crowd of employees, and made a sudden motion into a satchel before producing the letter – conduct that reasonably caused the CEO to fear for his safety and that disrupted the meeting.

### Defendants Threaten to Contact Customers and Business Partners

20.     Defendants repeatedly threatened to communicate their accusations to Stella May's customers, business partners, and third parties with ongoing or prospective relationships with the company.

21.     Defendants warned that continued business relationships with Stella May could expose third parties to reputational harm or public scrutiny.

22.     These threats were made despite Defendants' knowledge that the allegations were unsubstantiated and false.

4

**Stella May Issues a Cease-and-Desist Letter**

23.    On September 26, 2025, counsel for Stella May transmitted a cease-and-desist letter to Defendants demanding that they stop making false and defamatory statements, cease contacting customers and business partners, and refrain from holding themselves out as having legal authority to represent clients.

24.    Defendants ignored the cease-and-desist letter and continued their campaign.

**The March 23, 2026 Letter: A Direct Threat of Imminent Harm**

25.    On March 23, 2026, Defendants sent a letter to Stella May reiterating their accusations and demanding payment of hundreds of thousands of dollars.

26.    The letter threatened that unless Stella May paid the demanded sums, Defendants would publicize their allegations to Stella May's investors and contract clients.

27.    The letter specifically stated:

> **"We will cease and desist from divulging the systemic discriminatory practices of your business to your investors and contract clients, such as the President & CEO of BGE, Tamla Olivier."**

28.    This threat targeted one of Stella May's most significant clients and was intended to inflict immediate reputational and economic harm unless Stella May capitulated.

29.    Defendants demanded that Stella May pay the monetary amounts they identified and respond with a "comparable settlement offer" within an extremely short and coercive timeframe.

30.    Specifically, Defendants stated:

**"This offer expires in 48-hours from the date of this letter. We expect a comparable settlement offer, in writing via email, within this timeframe."**

31.     The March 23 letter also threatened to "destroy" EEOC complaints that Defendants claimed to have prepared, further demonstrating Defendants' willingness to manipulate legal processes for leverage.

32.     Because the letter was dated Saturday, March 23, 2026, Defendants' 48-hour deadline required Stella May to respond by Monday, March 25, 2026, effectively giving Stella May one business day to comply with Defendants' demands.

33.     Defendants' imposition of a 48-hour ultimatum, timed over a weekend, was intended to create maximum pressure, limit Stella May's ability to consult counsel, and coerce immediate payment under threat of reputational harm.

34.     The compressed deadline further demonstrates the urgency and imminence of the threatened harm, as Defendants made clear that failure to meet their demand within 48 hours would result in the dissemination of their allegations to Stella May's customers, investors, and business partners, including BGE and its CEO.

35.     Defendants' ultimatum underscores the need for immediate injunctive relief, as the threatened harm was not hypothetical or remote but expressly tied to a short, fixed deadline and a stated intention to act if Stella May did not comply.

### Resulting Harm to Stella May

36.     As a result of Defendants' conduct, Stella May has suffered and continues to suffer irreparable harm to its business reputation, goodwill, and client relationships.

37.    Customers have expressed concern regarding Defendants' accusations, and the threat of further outreach has created uncertainty in existing and prospective business relationships.

38.    Monetary damages alone cannot remedy the ongoing and imminent harm caused by Defendants' threats to disseminate false statements to third parties.

## CAUSES OF ACTION

### COUNT I – Defamation Per Se

37.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38.    Defendants made statements asserting that Stella May engaged in racism, systemic discrimination, retaliation, ADA violations, and illegal hiring and firing practices.

39.    Defendants communicated these statements to third parties and threatened to communicate them to additional third parties, including Stella May's clients and business partners.

40.    Defendants made these statements to pressure Stella May into paying money demanded by Defendants.

41.    These statements were false when made.

42.    Defendants knew the statements were false, acted with reckless disregard for their truth, or acted negligently in publishing them.

43.    The statements accused Stella May of serious professional misconduct and unlawful activity and therefore constitute defamation per se.

44.    As a direct result of Defendants' statements, Stella May suffered harm to its business reputation, goodwill, and client relationships.

### COUNT II – Tortious Interference with Existing Business Relations

45.    Plaintiff incorporates the preceding paragraphs.

46.    Stella May maintains ongoing business relationships with customers, clients, and partners, including BGE.

47.    Defendants knew of these existing business relationships.

48.    Defendants intentionally interfered with these relationships by making false statements about Stella May and threatening to communicate those statements to Stella May's clients.

49.    Defendants' conduct was wrongful because it involved defamation, false statements, coercive threats, and unauthorized practice of law.

50.    Defendants' actions caused actual disruption and created uncertainty in Stella May's existing business relationships.

51.    As a result, Stella May suffered damages, including harm to reputation, goodwill, and client trust.

### COUNT III – Tortious Interference with Prospective Business Relations

52.    Plaintiff incorporates the preceding paragraphs.

53.    Stella May has prospective business opportunities with current and future clients and partners.

54.     Defendants knew that Stella May relied on its reputation and goodwill to secure future business.

55.     Defendants intentionally interfered with these prospective relationships by threatening to disseminate false allegations to third parties.

56.     Defendants' conduct was wrongful, including defamation, coercive threats, and misrepresentation of legal authority.

57.     Defendants' actions created uncertainty and concern among prospective clients and jeopardized future business opportunities.

58.     Stella May suffered damages as a result of Defendants' interference.

### COUNT IV – Fraud / False Pretenses

59.     Plaintiff incorporates the preceding paragraphs.

60.     Defendants represented that En Joulé was a "legal advocacy and consultation company" capable of representing clients in legal matters.

61.     Defendants represented that they could file legal complaints, negotiate settlements, and act as legal spokespersons for individuals.

62.     Defendants represented that they prepared EEOC complaints and could file or withdraw them.

63.     Defendants are not licensed attorneys in Maryland or any jurisdiction known to Plaintiff.

64.     Defendants also represented that the "Affidavits of Truth" they circulated were sworn, legally operative documents.

65.     These representations were false when made.

66.     Defendants knew the representations were false or acted with reckless indifference to their truth.

67.     Defendants made these representations with the intent to induce Stella May to pay money demanded in their settlement proposals.

68.     Stella May reasonably relied on Defendants' representations in responding to their demands and communications.

69.     Stella May suffered damages as a direct result of Defendants' fraudulent conduct.

### COUNT V – Declaratory Judgment (28 U.S.C. § 2201)

70.     Plaintiff incorporates the preceding paragraphs.

71.     An actual and immediate controversy exists between the parties regarding the truth of Defendants' statements and Defendants' claimed legal authority.

72.     Defendants continue to assert that Stella May engaged in unlawful conduct and that they have authority to act as legal representatives.

73.     These assertions are false and harmful to Stella May.

74.     Stella May seeks a declaration that Defendants' statements are false and that Defendants lack legal authority to represent clients or act as legal advocates.

75.     Declaratory relief will resolve the controversy and prevent further harm to Stella May.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Award compensatory damages in an amount to be proven at trial;

B.     Award punitive damages;

C.     Issue a temporary restraining order and order to show cause for a preliminary injunction restraining Defendants from:

     i.     Contacting any Stella May customer, client, vendor, or business partner;

     ii.     Publishing or disseminating false statements about Stella May;

     iii.     Threatening to publicize allegations to coerce payment;

     iv.     Holding themselves out as legal representatives;

     v.     Soliciting or coordinating claims against Stella May;

     vi.     Destroying or altering evidence;

D.     Declare that Defendants' statements are false and defamatory;

E.     Declare that Defendants are engaged in unauthorized practice of law;

F.     Award attorneys' fees and costs as permitted by law;

G.     Grant such other relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues of facts and damages stated herein.

Dated: March 23, 2026                    Respectfully submitted,


*/s/ Kraig B. Long*
Kraig B. Long (Fed. Bar No. 25747)
Sarah J. Steinberg (Fed. Bar No. 31578)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443.392.9453
Fax: 443.392.9499
kraig.long@nelsonmullins.com
sarah.steinberg@nelsonmullins.com

*Counsel for Plaintiff,*
*Stella May Contracting, Inc.*

12